FILED
2017 Aug-28  PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RODNEY WATTS, personal representative of the estate of LEIAH WATTS; CAIDEN WATTS, by and through his father and next best friend, RODNEY WATTS; JACKSON WATTS, by and through his father and Next best friend RODNEY WATTS; CURTIS WATTS, personal representative of the estate of EVELYN WATTS; BARRY MCBURNETT, personal representative of the estates of FAYE HOWARD and MARY ADAIR; RENEE STONE, individually and as mother and next best friend of VICTORIA STONE; and TAMMY MCBURNETT, individually;<br><br>     Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE; FARMERS GROUP, INC.; MID-CENTURY INSURANCE CO.; and Fictitious Parties 1, 2, 3, and 4;<br><br>     Defendants. | CV-2017-_____-____ |

## NOTICE OF REMOVAL

Defendants Farmers Insurance Exchange ("the Exchange"), Farmers Group, Inc. ("the Group"), and Mid-Century Insurance Company ("Mid-Century") removes this action to the United States District Court for the Northern District of Alabama, Eastern Division, on the grounds that the proper and real parties in

interest are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441, and 1446. In support, defendants submit the following:

1. Plaintiffs filed this civil action on August 3, 2017, in the Circuit Court of Talladega County, Alabama. The action was then pending as <u>Rodney Watts, personal representative of the estate of Leiah Watts, et al. v. Farmers Insurance Exchange, et al.</u>, Civil Action Number CV-2017-900251 (the "Underlying Suit").

2. A true and correct copy of all process and pleadings filed in the Underlying Suit before this removal is attached hereto. See Exhibit 1.

3. Plaintiff Rodney Watts, in his individual capacity, alleges claims against the Exchange, the Group, Mid-Century, and the fictitious defendants for (a) misrepresentation, (b) suppression, (c) deceit, and (d) fraudulent deceit. See Exhibit 1 – Complaint, ¶¶ 1, 26-29, 30-34, 35-36, and 37-44. Although the complaint in the Underlying Suit is not clear, it appears that plaintiff Rodney Watts's individual fraud-based claims allegedly arise from representations or suppressions in June 2016 and thereafter in 2016 in regard to the amount of stacked underinsured motorist ("UIM") benefits available under an automobile insurance policy issued to him in June 2016. See Exhibit 1 – Complaint, ¶¶ 19, 20, 26, 30, 35, and 37.

4. Plaintiffs, individually or in their representative capacities, collectively allege claims against the Exchange, the Group, Mid-Century, and the fictitious defendants for (a) an anticipated breach of the automobile insurance policy purchased by plaintiff Rodney Watts[1] and (b) an anticipated bad faith refusal to pay UIM benefits under that policy in an amount plaintiffs believe is required. See Exhibit 1 – Complaint, ¶¶ 45-51.

5. The various UIM claims at issue were presented after a July 16, 2016 automobile accident involving an automobile insured under plaintiff Rodney Watts's automobile insurance policy. See Exhibit 1 – Complaint, ¶¶ 18, 19, and 46-47.

6. Leiah Watts, Evelyn Watts, Faye Howard, and Mary Adair were in the automobile at the time of the accident and died. See Exhibit 1 – Complaint, ¶ 18.

7. Tammy McBurnett, Renee Stone, and Caiden Watts were in the automobile at the time of the accident and were injured. See Exhibit 1 – Complaint, ¶ 18.

8. Victoria Stone and Jackson Watts were in the automobile at the time of the accident. See Exhibit 1 – Complaint, ¶ 18.

9. **This Removal is Timely.** According to the Talladega County Circuit Court records, a copy of the summons and complaint was served via certified mail

---

[1] Plaintiffs fail to allege claims for UIM benefits under plaintiff Rodney Watts's automobile insurance policy.

upon (a) the Exchange on August 7, 2017, (b) the Group on August 7, 2017, and (c) Mid-Century on August 7, 2017.  See Exhibit 1 – Summonses, Certified Mail Return Receipts, and SJIS Case Detail.  The described service constituted "receipt … through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446 (b)(1).  Pursuant to Rule 6(a), Fed. R. Civ. P., the defendants file this Notice of Removal within the required 30 days of such service. 28 U.S.C. § 1446(b).

10. **Complete Diversity of Citizenship Exists Between the Real and Proper Parties.** This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441 because there is diversity of citizenship among the real and proper parties in interest:

    a.    Plaintiffs, as pleaded in the complaint in the Underlying Suit, are each resident citizens of "Talladega County, Alabama." See Exhibit 1 – Complaint, ¶¶1-9.

    b.    The Exchange, as pleaded in the complaint in the Underlying Suit, is a citizen of the State of California because it is an entity organized under the laws of and has its principal place of business in the State of California. See Exhibit 1- Complaint, ¶ 10.

    c.    The Group, as pleaded in the complaint, is a citizen of the State of California because it is an entity having its principal place of business in the State of California. See Exhibit 1- Complaint, ¶ 11

    d.    Mid-Century, as pleaded in the complaint, is a citizen of the State of California because it is an entity organized under the laws of "a state other than Alabama" and has its principal place

        of business in the State of California. See Exhibit 1-Complaint, ¶ 12.

    e.    For purposes of removal based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

11.    **The Amount in Controversy Exceeds $75,000.** As pleaded in the complaint in the Underlying Suit, the dispute at issue arises from a disagreement regarding the amount of UIM benefits available under plaintiff Rodney Watts's automobile insurance policy, specifically the total amount of UIM benefits (base and stacked) available to the plaintiffs individually and collectively. See Exhibit 1 – Complaint, ¶¶ 19-24. According to the plaintiffs, the defendants believe that $300,000 is the total amount of UIM benefits (base and stacked) available to the surviving persons and the estates of the non-surviving persons who occupied the automobile insured by plaintiff Rodney Watts's automobile insurance policy. See Exhibit 1 – Complaint, ¶¶ 23-24. The plaintiffs allege that "each person injured, [sic] or each estate of an individual killed in the accident is entitled to receive up to $150,000"; thus, the plaintiffs collectively seek a maximum recovery of UIM benefits in the amount of $1,350,000 (nine occupants at $150,000 each).[2] See Exhibit 1 – Complaint, ¶ 24. Plaintiffs also seek to recover an unspecified amount

---

[2]Plaintiff Rodney Watts also seeks to recover an unspecified amount of compensatory damages for emotional distress and mental anguish and an unspecified amount of punitive damages arising from the defendants' alleged fraudulent acts or omissions. See Exhibit 1 – Complaint, ¶¶ 29, 34, 41, and 44.

5

of punitive damages. See Exhibit 1 – Complaint, ¶¶ 51-53. Thus, the amount in controversy, exclusive of interest and costs, exceeds $75,000.28 U.S.C. § 1332(a).

12. **Removal Perfected.** As established above, diversity of citizenship exists between the proper parties in this case, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this action is removed to this Honorable Court.

13. **Notice Provided to the State Court.** In accordance with 28 U.S.C. § 1446(d), the defendants have caused a copy of this notice of removal to be filed with the Clerk of the Talladega County Circuit Court. See Exhibit 2 – Notice of Filing Notice of Removal.

        Respectfully Submitted,

        /s/ Kori L. Clement
        Kori L. Clement (CLEMK5125)
        Attorney for Defendants Farmers Insurance Exchange, Farmers Group, Inc., and Mid-Century Insurance Company

OF COUNSEL:
HARE & CLEMENT, P.C.
100 Chase Park South
Suite 200
Hoover, Alabama 35244-1851
Telephone: (205) 322-3040
Facsimile: (205) 403-4975
Email: clem@harelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of AUGUST, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and placed a copy of same via Certified Mail addressed to the following:

Larry W. Morris
MORRIS, HAYNES WHEELES KNOWLES & NELSON
P.O. Box 1660
Alexander City, AL 35011

Emily H. Nelson
MORRIS, HAYNES WHEELES KNOWLES & NELSON
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243

Charles P. Gaines
Gregory C. Morgan
GAINES, GAINES &RASCO
P.O. Box 275
Talladega, AL 35161

/s/ Kori L. Clement
Of Counsel