FILED

2017 Aug-28  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

5/2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **RODNEY WATTS, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **1:17-CV-1454-VEH** |
| **FARMERS INSURANCE** | ) | |
| **EXCHANGE, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ALND UNIFORM INITIAL ORDER
## GOVERNING ALL FURTHER PROCEEDINGS

---

*PLEASE TAKE NOTICE:*

**All parties must thoroughly review the provisions of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown.**[1]

---

## I. DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

The parties are reminded of their obligations under Federal Rule of Civil Procedure 26(f) to confer, as soon as practicable, but in no event later than forty-five (45) days from the first appearance of a defendant, for the purposes of considering the nature and basis of their claims and defenses; the possibilities for a prompt settlement or resolution of the case; to make or arrange for the disclosures required by Fed. R.

---

[1] By appearing in this case and practicing in this court, each attorney or pro se party certifies to this court that he or she has read and is prepared to fully comply with this court's local rules.

Civ. P. 26(a)(1); to develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f); and in appropriate cases, to consider whether to consent to the exercise of Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

If the parties are unable to agree upon a date, time, or place for such conference, the parties are hereby **ORDERED** to meet at 10:00 a.m. on the last Friday falling within the forty-five day period specified above[2] in the chambers of the undersigned judge.  If use of the court's chambers is required, counsel should telephone the court's courtroom deputy at least seven days prior to the required meeting to advise the court.  If a party is proceeding without counsel, the obligation to telephone the courtroom deputy rests upon counsel for the opposing party.

## A.    Form of Report

The court expects a report of the parties' planning meeting, in the general format of the USDC ND Ala. Form 35 or Fed. R. Civ. P. Appendix Form 52 to be jointly filed with the Clerk of Court by the parties within fourteen (14) days after the meeting.  Should the parties disagree about an item, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

The report also should contain a synopsis of the case advising the court of the

---

[2]Forty-five (45) days from the first appearance of a defendant.

general claims and defenses of the parties.  When preparing the report, be aware that the case should be ready for trial within twelve (12) months from the date of service of the complaint unless extraordinary circumstances exist.  Note that the burden lies on the parties to explain why the case cannot be tried within that time frame.

Upon receipt of the report, the court may enter a scheduling order without conducting a separate Rule 16(b) scheduling conference.  The parties should notify the court if they believe a Rule 16(b) conference is necessary.

**B.    Compliance with HIPAA**

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" shall present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such "protected health information" is sought.  The parties shall include in their report a deadline (specific date) by which the authorization will be executed.  Alternatively, the parties may present to the court a "qualified protective order" in substantially the form attached to this order as **Appendix I**, to be entered by stipulation of counsel for all parties.

**C.     Suitability of Action for Alternative Dispute Resolution**

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees.  The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date.  The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.

If any party thinks that a settlement conference with the court at any stage would be conducive to settlement, that party may make a written request that the court conduct such a conference.  The results of all these discussions shall be included in the report of the parties' planning meeting to be filed with the court.

Each attorney is directed to immediately forward a copy of the Initial Order to his or her client.  Plaintiff(s)' attorney(s) are **ORDERED** to immediately discuss the feasibility of settlement with Defendant(s)' attorney(s).

**D.     Commencement of Discovery**

The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 immediately after the required report has been filed.  In cases removed from state court in which any discovery requests were filed

4

before such removal, those discovery requests shall be deemed to have been filed on the date the report required by Fed. R. Civ. P. 26(f) is filed in this court.

The parties may elect, but are not required, to file discovery notices, requests and responses with the Clerk of Court.  Even if the discovery notice or request is filed with the Clerk of Court, the discovery response does not have to be filed.  Counsel are reminded to review the court's Administrative Procedures Manuals for electronic filing (on the court's website) for the importance of redacting or sealing personal identifiers (e.g., Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

## E.    Dismissal of Non-Served Defendants

*Take Notice*:  Any defendant who has not been served with a summons and complaint within 90 days after the filing of the complaint (or within 90 days after the party was added to the action) *may be dismissed without further order of the court unless* prior to such time the party on whose behalf such service is required shows good cause why service has not been perfected.

## F.    Hand Deliveries

If counsel wishes to provide the court with a courtesy copy of a motion or brief, or if an order of this court requires submission of a copy in addition to the original,

such copy shall be clearly identified as a "courtesy copy" and left in the Clerk's Office for delivery to the court's chambers.  All hand deliveries, unless otherwise instructed, are to be made to the Clerk's Office.   Fax copies are not accepted.

## G.    Electronic Submissions

Since January 3, 2005, the official record of the court has been the electronic docket maintained pursuant to CM/ECF.  Except in extraordinary circumstances, all filings shall be consistent with the court's Administrative Procedures Manuals for civil and criminal cases.  Attorneys are required to register for electronic filing and service through the "Attorney Registration" link on the court's website, www.alnd.uscourts.gov.  Once an attorney has so registered, his or her registration becomes permanent, and he or she is not required to re-register in each individual case.  Documents filed through CM/ECF must be in pdf (Portable Document Format).

As part of the CM/ECF system, the court has established a "chamber's email address" for each judicial officer.  The address for the undersigned judge's chambers is hopkins_chambers@alnd.uscourts.gov.  This chambers email address has been established to enable counsel to submit proposed orders or other requested documents to the judge in Wordperfect or Word format, or otherwise to communicate with the judge on **matters directly related to a case**.  **Non-case-related communications should NOT be sent to the chambers email address**.  Ex parte communications are

not acceptable; all communications to the chambers email address must show a copy to all opposing counsel or pro se parties.  Counsel should send communications to the chambers email address only if the court is being requested to do something; counsel should not copy the chambers email address with communications, arguments, debates or other matters occurring solely between counsel.

## II. ATTORNEY FEE SHIFTING CASES

If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) seek an award of attorneys' fees from the opposing party pursuant to any statute or other law, the party must, comply with the following requirements as a precondition to any such award:

(a)     Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (i.e., not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference).

(b)     If a claim will be made for services performed by any person not a

7

member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above.

(c)     Counsel is **DIRECTED** to review and verify all attorney and non-attorney time records no less than once per month.

(d)     Although the court does not require counsel to file a copy of the time records prior to a request for a fee, counsel may file with the clerk of the court either a copy of the time record referred to in (a) above, or a separately prepared document setting forth the information described in (a) above.  If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case.  If counsel elects to file time reports, the material filed  SHALL be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon.  However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted

as to all attorney fee materials filed under seal.

(e)    A Petition for Attorney Fees shall be accompanied by Counsel's Certification that all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that Counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

---

*Take Notice*:  **Failure to comply with the foregoing requirements will normally result  in attorneys' fees being disallowed.**

---

### III. CASES THAT REQUIRE EEOC CHARGES

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is required as a prerequisite to suit, then the **PLAINTIFF(S) MUST** file with the Clerk of Court at the time of filing the disclosures required by Fed. R. Civ. P. 26(a)(1):  (**A**) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; *and* (**B**) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

# IV. MOTION PRACTICE

## A.    Summary Judgment Motions

Any motion(s) for summary judgment filed in this action ***must comply*** with ***all*** requirements of **Appendix II** to this order.

## B.    Motions (Other than Dispositive Motions and Motions to Remand)

Prior to filing any motion (other than a dispositive motion or a motion to remand) in this case, moving counsel shall contact the opposing counsel and determine if counsel will oppose the motion. All motions SHALL include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." In addition to the requirements of Fed. R. Civ. P. 37(a)(1), the first paragraph **SHALL** briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement. Further, all such motions and responses thereto, including deadlines for responses, shall be as set out in Appendix III attached hereto.

## C.    Motion of Counsel to Withdraw

Once an attorney has appeared as counsel for a party, *he or she may not withdraw from the action merely by filing a* "notice of withdrawal," but must file a motion seeking permission of the court to do so, explicitly stating the grounds therefor. Any motion to withdraw which, if granted, would leave a party

unrepresented by counsel **must** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court. The motion **must** also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

**D.   Type Size**

The court requires all documents created by counsel for submission to the court to be in 14 point type, except that footnotes may be in 12 point type.

**E.   Legal Authority**

The court requires that all citations to legal authority include pinpoint references.

**DONE** and **ORDERED** this <u>28th</u> day of August, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

11

**APPENDIX I**
**FORM OF HIPAA QUALIFIED PROTECTIVE ORDER**
**(Stipulated for Entry by Counsel for All Parties)**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**_____ DIVISION**

| | | |
|---|---|---|
| **AAA,** | ) | |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. ___** |
| | ) | |
| **BBB,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

**QUALIFIED HIPAA PROTECTIVE ORDER**

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

A photocopy of this Order shall be deemed as an original.

**DONE** and **ORDERED** this _____ day of _____, 20___.


_____
United States District Judge

13

Revised 12/22/2016

# APPENDIX II
## SUMMARY JUDGMENT REQUIREMENTS

---

### NOTICE

This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions.  **These instructions *must* be followed explicitly. Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**.

---

### SUBMISSION DATES

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions.  Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline.  The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.  The movant's reply submission shall be filed no later than 14 days after the date on which the opponent's responsive submission was due.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of:  (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies.  More detailed requirements for these submissions are explained in the following sections.

**The Clerk *will not accept bound materials* for filing, but the court's "courtesy copy" of the brief and all evidentiary materials *must be securely bound* (e.g. by three-ring binder) for ease of use and to prevent inadvertent loss of pages.**

## REQUIREMENTS FOR BRIEFS

### A.    Format

Initial and response briefs are limited to thirty pages.  Reply briefs are limited to ten pages.  Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document.  The table of contents is not included in the page limit. The text of briefs must be double spaced (except for quotations exceeding fifty words, which may be block indented from the left and right margins and single spaced) using fourteen point typeface, preferably Times New

15

Roman.

**B.     Number Submitted**

The parties must **file** the original brief with the Clerk of Court.  After filing, the parties should **print and deliver** to the court's chambers a copy of the brief **which includes the clerk's CM/ECF document and page numbers.  The parties also shall e-mail to the court's chambers such brief in Wordperfect or Word format.**

**C.     Manner of Stating Facts**

All briefs submitted either in support of or opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered paragraphs*.  Counsel must state facts in clear, unambiguous, simple, declarative sentences.  **All statements of fact must be supported by specific reference[3] to evidentiary submissions.**

**1.     Moving Party's Initial Statement of Facts**

The moving party shall list in *separately numbered paragraphs* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment.  Each such statement must be followed by a <u>specific reference</u> to those portions of the evidentiary

---

[3]  While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will consider such materials.  **A specific reference must include the exhibit number, page, and when appropriate the line number.**

record that the movant claims supports it.[4]

### 2.   Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

### a.   Response to Movant's Statement

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a <u>specific reference</u> to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

### b.   Additional Facts

The second section may contain additional facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary

---

[4] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

judgment.  Each statement of fact <u>must</u> be followed by a <u>specific</u> reference to those portions of the evidentiary record which support the alleged fact.

### 3.    Moving Party's Reply

The reply submission, if any, shall consist of only the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts.  The moving party's response to the non-moving party's additional facts shall be in *separately numbered paragraphs* that coincide with those of the non-moving party's additional facts. Any statements of fact that are disputed by the moving party <u>must</u> be followed by a <u>specific</u> reference to those portions of the evidentiary record upon which the disputation is based.  *All facts set forth in the statements required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted in the manner required herein by the statement of the opposing party.*

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

### REQUIREMENTS FOR EVIDENTIARY MATERIALS

The parties must file with the Clerk of Court, simultaneously with their briefs, all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions, except those materials included in the moving party's initial evidentiary submission

may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

**To the extent possible, all .pdf documents which are filed should be formatted in such a way that the Court may easily cut and paste from them.**

### A.    Organization

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: *e.g.*, "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.[5] **Counsel are directed to submit entire depositions, even if relying only on excerpts.**

Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½" by 11" page.

### B.    Number of Sets Submitted

The parties must **file** one set of evidentiary materials with the Clerk of Court. After filing, the parties should **print and deliver** to the court's chambers a copy of

---

[5] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

the evidentiary submissions, **which includes the clerk's CM/ECF document and page numbers.**  Except for the binding, there must be *no differences* between the filed materials and the "courtesy copy."

# APPENDIX III

## Non-Summary Judgment Motion Scheduling Order[6]

The court recognizes that a number of motions filed with the court do not require additional briefing before the court takes them under consideration. However, to the extent the parties determine that briefing is necessary on a non-summary judgment motion, or to the extent the court orders briefing on a non-summary judgment motion, the following schedule and requirements for the submission of briefs are established. Except for good cause shown, briefs that do not conform to the requirements of this Order will be stricken.

### A. Prerequisites to Filing Motions

Prior to filing <u>any</u> motion (other than a summary judgment motion, a motion to dismiss, or a motion to remand) in this case, moving counsel **SHALL** contact the opposing counsel and determine if counsel will oppose the motion. All motions **SHALL** include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." In addition to the requirements of FED. R. CIV. P. 37(a)(1), the first paragraph **SHALL** briefly summarize the parties' attempts to

---

[6] **NOTE**: The following instructions do <u>not</u> apply to summary judgment motions unless an order of the court specifically provides otherwise. Any motion(s) for summary judgment in this action shall be governed by the provisions of Appendix II to the Uniform Initial Order, which can be viewed on the court's website at http://www.alnd.uscourts.gov/Hopkins/HopkinsPage.htm.

resolve the issue(s) and set forth areas of agreement and disagreement.[7]

**B. Schedule**

    1.  Upon the filing of any non-summary judgment motion, the movant shall either incorporate into the motion the arguments and/or authorities upon which it relies or *simultaneously* file a separate brief with its initial motion.

    2.  The opponent's responsive brief shall be filed no later than fourteen (14) **calendar** days thereafter.

    3.  The movant's reply brief shall be filed no later than seven (7) **calendar** days after the date on which the opponent's responsive brief was due. (NOTE: Days should be calculated without taking into account FED.R.CIV.P. 6. However, if the due date falls on a weekend or court holiday, the due date shall be the next business day.)

    The parties shall transmit their briefs in such a manner that their opponents will not suffer any undue delay in the receipt of their service copies of any briefs. It is the intent of the court that each party shall be afforded a full and fair opportunity to be heard and counsel are expected to take care that service of copies is not unreasonably delayed.[8] Upon conclusion of the submission schedule, the court may take the motion

---

[7] This paragraph A applies to <u>all</u> motions other than motions to dismiss, motions to remand, and motions for summary judgment. All <u>other</u> paragraphs apply to <u>all</u> motions (except motions for summary judgment).

[8] The opposing party should typically receive a copy of all materials on the same date that the submission is made to the court, but in no event more than one (1) business day later.

under submission without further notice to the parties and materials submitted after the close of the submission schedule will not be considered in ruling on the motion absent obtaining leave of court.

### C. Briefs

The parties shall *file* their briefs with the Clerk's office and shall submit an exact courtesy copy of the brief to the Clerk's office for delivery to the court's chambers.[9]   The parties are then required to email their briefs, in Wordperfect or Word format, to the chamber's email address at *hopkins_chambers@alnd.uscourts.gov*.  The materials submitted to the Clerk's office for delivery to the court's chambers, as well as those sent via email, shall contain the exact same materials and only the materials which are filed with the Clerk.  There must be no differences between the "filed" briefs and the "copy" provided to the court, except that the courtesy copy submitted for chambers *must* be *three-hole punched*.  In the event of a later appeal, the court will not look favorably upon motions to supplement the record on appeal to add materials on the ground that such materials were submitted to the court but were not "filed" with the Clerk.

The text of initial and responsive briefs shall not exceed twenty-five (25) pages

---

[9]  Deliveries are no longer accepted in the court's chambers unless prior arrangements have been made.

and reply briefs are limited to ten (10) pages.[10]  Briefs exceeding ten (10) pages in length shall have incorporated therein a table of contents that accurately reflects the organization of the brief itself.  Tables of Contents shall not be included for purposes of computing the number of pages in a brief.  ALL CITATIONS TO AUTHORITY MUST BE PINPOINT.

### D. Required Certification

Counsel for either party (or any individual under the direction or control of a party), signing any document, including an affidavit, in connection, either directly or indirectly, with a motion, response to such a motion, or a reply to any such response, shall certify by his or her personal signature and as an officer of the court that he or she has affirmatively and diligently sought to submit to the court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language or an overly broad citation of evidence or misstatements of the law, and that all submissions are non-frivolous in nature.

---

[10]  Briefs must be typewritten and double spaced, using at least fourteen point type, except footnotes, which may be in twelve point type.  The court expects that counsel will respect the page limitation established by this order.  Transparent attempts on the part of counsel to circumvent page limitations by manipulating type sizes, margins, line spacing, or other similar end runs will not be tolerated.

### E. Oral Argument

Upon receipt of the motion, the court may schedule the motion for consideration at a separate hearing or motion docket. Oral argument is not required, but either party may submit a request for oral argument by serving a request on the court and opposing party. A request for oral argument must be filed as a separate, stand-alone pleading, and should be captioned (and categorized, when efiled) as a "Notice of Request for Oral Argument." In order to avoid unnecessary briefing and expense, a request for oral argument should <u>not</u> be filed as a motion. The court will permit oral argument if it appears it is necessary or would be helpful to the motion's expedient and appropriate disposition.

### F. Motions for Reconsideration

Motions for reconsideration must be filed within fourteen (14) days of the date of the court's ruling which the movant seeks to have reconsidered or the court <u>may</u>, in its discretion, deny the motion as untimely.

# APPENDIX IV

## Requirements in Patent Cases[11]

**I.      Duties under Federal Rule of Civil Procedure 26(f)**

A.  Form of Report

In addition to the requirements set forth in Paragraph I of the Uniform Initial Order, Form 35:  Report of the Parties' Planning Meeting, is modified in patent cases to require, under paragraph "4.  Other Items," proposed deadlines as follows:

**Pre-Discovery Disclosures due**: _____.

**Disclosure of Asserted Claims and Preliminary Infringement Contentions due**: _____.

**Preliminary Invalidity Contention due**: _____.

**Exchange of Proposed Terms and Claim Elements for Construction due**: _____.

**Deadline to join additional parties and to amend pleadings**: _____.

**Joint Claim Construction and Prehearing Statement due**: _____.

The Statement shall contain information specified in the Patent Rules of this court.

---

[11] These requirements and the patent rules attached hereto, were originally developed by United States District Judge C. Lynwood Smith, Jr., and are taken verbatim from his orders.

**Claim Construction Briefs**:

a. Party claiming patent infringement shall serve and file an opening brief and evidence in support by _____.

b. Opposing party shall serve and file responsive brief and supporting evidence by _____.

c. Claim construction reply brief due by _____.

**Claim Construction Hearing**: <u>Week of   (date)  </u>. [date and time to be set by court]

**Discovery**:  Discovery must be commenced in order  to be completed by _____.

a. Maximum of _____ interrogatories and _____requests for admission for each side;

b. Maximum of _____ non-expert depositions for each side; parties must seek leave for further depositions; each deposition limited to _____ hours unless extended by agreement of parties or by court order.

**Initial expert reports** from the party bearing the burden of proof on the issue regarding which the expert will testify: _____.

**Opposing expert reports for both parties due**: _____.

**Expert  Depositions:**     Depositions  of  experts  must  be  completed  by

_____.

**_Daubert_ motions (if any) deadline:** _____. Responses to _Daubert_ motions due _____. Replies due _____.

**Dispositive motions deadline**: _____. **Movant must file any briefs and supporting evidence with the motion for summary judgment in order for the submission to be deemed timely.** Responses to dispositive motions are due _____; replies to responses are due ( insert date five (5) weeks prior to trial date ).

**Final lists** of witnesses and exhibits under Rule 26(a)(3) and **motions in limine** are due: _____.

**Objections** to final list of witnesses and exhibits and response to motions in limine due: _____.

**Joint Proposed Pretrial Order, Proposed Jury Instructions, and Form of Verdict:** [_to be set by the court at a later date_].

**Pretrial Conference** [_to be set by the court at a later date_].

**Trial**: The parties shall be ready for trial by ( insert date - Monday that falls one (1) year from the date the case was filed ) .


*The parties may include other interim deadlines that they deem necessary, such as

deadlines regarding Privilege Logs, Willfulness Issues, etc.

**The final form of the Report under paragraph "4.  Other Items," shall be in ***chronologic order***.

B. Parties Required to Provide Electronic Copy of Report

In addition to filing the Report of the Parties' Planning Meeting, the parties shall provide the court with a copy wordperfect format via email to the chambers inbox at [hopkins_chambers@alnd.uscourts.gov](mailto:hopkins_chambers@alnd.uscourts.gov) .

## II.    Patent Rules

The parties are bound by the Patent Rules of this court.

# APPENDIX V

## REQUIREMENTS BEFORE FILING
## MOTION FOR DEFAULT JUDGMENT

In light of the requirements of Section II.B. of the Northern District of Alabama's Pro Bono Plan, no motion for default judgment may be filed until 45 days after an entry of default. Further, no motion for default judgment shall be filed at all if there is a pending motion for appointment of pro bono counsel until such time as that motion has been ruled upon.

The parties are referred to the website maintained by the Northern District of Alabama regarding procedures for appointment of *pro bono* counsel.